UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-4018-RAO Date: August 27, 2026
Title: Juan Gabriel Valenzuela Chairez v. Markwayne Mullin et al.

---

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Juan Gabriel Valenzuela Chairez, a lawful permanent resident ("LPR") since 1989 who was convicted in 2006 of a felony offense, was detained and arrested by immigration authorities on June 1, 2026, at Los Angeles International Airport when he was entering the country. Dkt. No. 1 ("Pet.") at 2; *see also* Dkt. No. 9-1 (Form I-213) at 3. The U.S. Department of Homeland Security ("DHS") issued a notice to appear ("NTA") the same date, subsequent to Petitioner's arrest. *See* Dkt. No. 9-1 at 2. Immigration officials determined that Petitioner appeared to be inadmissible to enter the country as a returning LPR pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA") (an alien convicted of a "crime involving moral turpitude"). *Id*. On that basis, immigration officials issued the NTA. *Id*.

On July 17, 2026, represented by counsel, Petitioner filed a habeas petition. *See generally* Pet. The Petition states that DHS has designated Petitioner as an "arriving alien" and, consequently, deemed him ineligible for consideration of bond under 8 U.S.C. § 1225(b) by an immigration judge while his removal proceedings are pending. *Id*. at 3, 10. Petitioner claims that his present detention violates his procedural and substantive due process rights and the INA. *Id*. at 11-17. The Petition seeks relief in the form of immediate release or, alternatively, an individualized custody hearing before an immigration judge at which the government bears the burden of justifying continued detention by clear and convincing evidence of flight risk and danger to the community. *Id*. at 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-4018-RAO | Date: | August 27, 2026 |
| Title: | Juan Gabriel Valenzuela Chairez v. Markwayne Mullin et al. | | |

Respondents filed their Answer on July 27, 2026. Dkt. No. 9 ("Ans."). The Answer states that Petitioner is not entitled to an initial bond hearing under 8 U.S.C. § 1226(a) because he is an applicant for admission who entered the country and sought admission and is detained under 8 U.S.C. § 1252(b). *Id*. at 1. Respondents also assert that his detention under Section 1225(b) is mandatory. *Id*. at 2. Notwithstanding the mandatory nature of his detention under Section 1225(b), Respondents agree that Petitioner may request a *Rodriguez* hearing "when sufficient detention time has passed." *Id*. at 1.

Petitioner filed a Reply on July 30, 2026. Dkt. No. 10 ("Reply"). The Reply argues that Respondents failed to justify Petitioner's detention and therefore immediate release is the only appropriate remedy. *Id*. at 3. The Reply further asserts that Respondents fail to explain why Petitioner's detention is necessary and argues that the Form I-213 affirmatively shows that Petitioner is neither a flight risk nor a danger to the community. *Id*. at 4. Lastly, Petitioner notes that Respondents have not responded to his constitutional challenges to his detention. *Id*. at 6.

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

The Court determines that Petitioner is properly detained under 8 U.S.C. § 1225(b), which mandates Petitioner's detention. *See Chen v. Aitken*, 917 F.Supp.2d 1013, 1015 (N.D. Cal. Jan. 8, 2013) (court found LPR who was convicted of qualifying criminal offense involving moral turpitude and was determined to be inadmissible pursuant to Section 1225(b) upon re-entering the country was properly classified as an "arriving alien" and subject to mandatory detention); *see also Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *10 (9th Cir. Jul. 30, 2026) (concluding that Section 1225(b)(2)(A) is "best construed as applying to aliens entering the United States at the border"). Accordingly, the Court denies Petitioner's claim of a violation under the INA.

The Court turns to Petitioner's constitutional due process claims. *Demore v. Kim*, 538 U.S. 510, 517 (2003) (concluding that federal courts have jurisdiction to review a constitutional challenge to mandatory detention statutory provisions). Petitioner has been detained since June 1,

2026. Respondents do not dispute that Petitioner may request a *Rodriguez* bond hearing when "sufficient detention time has passed." Ans. at 1. Respondents do not elaborate, however, on how long Petitioner would have to be detained before requesting a *Rodriguez* hearing.

In *Jennings v. Rodriguez*, the Supreme Court held that Section 1225(b) of the INA, under which Petitioner is detained, "unambiguously authorizes detention pending resolution of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 297, 303 (2018). However, *Jennings* rejected the Ninth Circuit's statutory interpretation that Section 1225(b) included an "implicit six-month time limit on the length of mandatory detention." 583 U.S. at 312. *Jennings* remanded the matter to the Ninth Circuit to address the constitutional arguments raised by prolonged detention without any process. *Id*. at 312. After *Jennings*, the Ninth Circuit expressed "[g]rave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Because neither the Supreme Court nor the Ninth Circuit has settled on a test for evaluating the constitutionality of prolonged mandatory detention, district courts are left to grapple with due process challenges to prolonged mandatory detention.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted). Due process protections extend to noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation. *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id*. at 690. The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Like many courts in this district, the Court applies the test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine whether due process requires a bond hearing that Petitioner seeks. The first *Mathews* factor weighs in Petitioner's favor – he has a fundamental liberty interest in remaining free from unreasonable imprisonment. *See Zadvydas*, 533 U.S. at 690 ("Freedom from

imprisonment—from government custody, detention, or other forms of physical restraint—lies at the hearing of the liberty" that the Due Process clause protects). Petitioner has been detained for almost three months. While this duration is not prolonged, it is likely that his detention will continue for many months going forward, as he challenges his removal proceedings and presumably will appeal any order of removal.

The second *Mathews* factor concerns the risk of erroneous deprivation of the right absent further procedures. The statutory provisions under which Petitioner has been detained sweep into detention a wide variety of noncitizens. The Second Circuit in discussing Section 1226(c), which also requires mandatory detention for certain categories of noncitizens, noted that the statutory language's "broad reach means that many noncitizens are detained who, for a variety of individualized reasons, are not dangerous, have strong family and community ties, are not flight risks and may have meritorious defenses to deportation at such time as they are able to present them." *Black v. Decker*, 103 F.4th 133, 152 (2d Cir. 2024). Here, the offense for which Petitioner was convicted is remote in time and conceivably could be challenged as not qualifying as a crime of moral turpitude. The good character facts alleged in the Petition, *see* Pet. at 2, may persuade an immigration judge that Petitioner can be released on conditions that will adequately protect the community and assure his future appearance. In sum, the Court concludes that this factor is either neutral or weighs slightly in Petitioner's favor. *Cf. Ramon v. Blanche*, 2026 WL 1836006, at *2 (C.D. Cal. June 17, 2026) (applying *Mathews* test to habeas petition raising constitutional challenge to prolonged detention under Section 1226(c) and finding the second factor neutral of slightly in petitioner's favor).

The third *Mathews* factor addresses the government's interest, particularly in keeping Petitioner in custody without providing a bond hearing. Respondents do not dispute that Petitioner will be entitled to a *Rodriguez* hearing as some indeterminate point in the future. Given the minimal burden of conducting a bond hearing and the ability of an immigration judge to determine whether Petitioner's continued detention is warranted, the government's interest in detaining Petitioner without a bond hearing is less weighty than Petitioner's liberty interest.

On balance, the application of the *Mathews* factors leads to the conclusion that Petitioner should receive an individualized bond hearing before an immigration judge at which the government bears the burden of establishing by clear and convincing evidence that Petitioner is not a flight risk or danger to the community. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-4018-RAO | Date: | August 27, 2026 |
| Title: | Juan Gabriel Valenzuela Chairez v. Markwayne Mullin et al. | | |

2011) (government has the burden of proof of showing by clear and convincing evidence that a noncitizen is not a flight risk or a danger to the community). Having concluded that Petitioner is entitled to a bond hearing no later than 14 days from the entry of this order, the Court orders that Respondents provide Petitioner with an individualized bond hearing before an immigration judge at which the burden will be on the government to justify Petitioner's detention by clear and convincing evidence that Petitioner is a flight risk or danger.

For the foregoing reasons, the Petition is GRANTED IN PART and Respondents are ordered to provide Petitioner (A# 092-124-835) with an individualized bond hearing before an immigration judge at which the burden will be on the government to justify Petitioner's detention by clear and convincing evidence that Petitioner is a flight risk or danger. Further, Respondents are ORDERED to file a status report within 21 days attesting to compliance with the Court's order.

**IT IS SO ORDERED.**